**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| OPEN NETWORK SOLUTIONS, INC. | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Case No. TBD |
| | ) | |
| | ) | |
| AMAZON, INC. | ) | *JURY TRIAL DEMANDED* |
| | ) | |
| *Defendant*. | ) | |
| | ) | |

## COMPLAINT

Plaintiff Open Network Solutions, Inc. ("ONS") files this complaint for infringement of U.S. Patent Nos. 6,745,259 ("the '259 patent") and 6,907,476 ("the '476 patent") under 35 U.S.C. § 271 against defendant Amazon.com, Inc. ("Amazon"). Plaintiff seeks damages for Amazon's infringement.

Plaintiff alleges as follows:

## PARTIES

1.  Plaintiff Open Network Solutions, Inc. is a Delaware company organized under the laws of the State of Delaware. The address of the corporation's registered office in the State of Delaware is 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

2.  Upon information and belief and after a reasonable opportunity for further discovery, Defendant Amazon is a corporation organized and existing under the laws of the state of Delaware, having a principal place of business at 410 Terry Avenue North, Seattle, WA 98109-

5210. Amazon can be served with process through its agent Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

## JURISDICTION AND VENUE

3.     This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 et seq., alleging infringement of the '259 and '476 patents. A copy of the patents are attached hereto as Exhibits A and B and are incorporated herein by reference in their entirety.

4.     The Court has exclusive subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

5.     This Court has personal jurisdiction over Amazon because Amazon has conducted business in this District and upon information and belief has infringed, contributed to infringement of, and/or actively induced others to infringe the '259 and '476 patents in this District as alleged in this Complaint. Finally, Amazon is a registered entity in this District as described in paragraph 2.

6.     Venue is proper under 28 U.S.C. §§ 1391(b), 1391(c), and/or 1400(b).

## PATENTS-IN-SUIT

7.     The '259 patent entitled "Open network system for I/O operation including a common gateway interface and an extended open network protocol with non-standard I/O devices utilizing device and identifier for operation to be performed with device" was duly and legally issued to inventor Richard Hiers Wagner on June 1, 2004. See Exhibit A.

8.     The '476 patent entitled "Open network system and method for I/O operations with non-standard I/O devices using an extended open network protocol" was duly and legally issued to inventor Mr. Wagner on June 14, 2005. See Exhibit B.

9. In the early 1990s, Mr. Wagner recognized that the Internet provided a network where nontraditional devices could communicate and share information. While traditional computers (e.g., a combination of a QWERTY keyboard and display screen) had well-known language protocols in place to facilitate the exchange of information on the Internet, there was a need for the ability for nontraditional devices (e.g., those lacking both a QWERTY keyboard and display screen) to communicate on the network as well.

10. Mr. Wagner dedicated himself to inventing the language protocols necessary to open the network to all manner of intelligent electronic devices.

11. The idea was to define an architecture for pervasive peer-to-peer network connectivity of intelligent appliances, wireless devices, and PCs of all form factors that would be easy to use and flexible for connectivity to *ad hoc* or unmanaged networks whether in the home, a small business, public spaces, or attached to the Internet.

12. Mr. Wagner's envisioned architecture is designed to support zero-configuration, "invisible" networking, and automatic discovery for a breadth of device categories. This means a device can dynamically join a network, obtain an IP address, convey its capabilities, and learn about the presence and capabilities of other devices.

13. Mr. Wagner's inventions are described in the '259 and '476 patents (among other patents).

14. All right, title and interest to these patents was initially assigned to the company Datascape, Inc.

15. The '259 and '476 patents, and the patent family from which they are members, are battle-tested; they have been asserted against over 40 companies in patent infringement actions resulting in millions of dollars in settlements.

16. In addition, Mr. Wagner's patents have been cited by the United States Patent Office against other applications over 1000 times and have held up against hundreds of pieces of prior art. Additionally, both the '259 patent and '476 patents have survived reexamination proceedings from the United States Patent Office.

17. On April 15, 2014, Datascape assigned the '259 and '476 patents to ONS, a wholly owned subsidiary of WiLAN, Inc. ("WiLAN").

18. WiLAN and its wholly owned subsidiaries partner with individual inventors and small companies with limited resources and help them contend against large, unauthorized infringers such as Amazon.

## INFRINGING GOODS/SERVICES

19. It has recently come to ONS's attention that Defendant Amazon infringes the '259 and '476 patents.

20. Amazon manufactures, sells, offers for sale, and uses devices such as the Kindle Fire HD, the Kindle Fire HDX, the Kindle Fire HDX8.9", ("the Kindle Fire devices") and the Amazon Fire TV.

21. These devices fall within the scope of the '259 and '476 patents.

22. The '259 Patent discloses a system that permits non-standard, (i.e. non-desktop/laptop computers) devices to communicate over an open network.

23. For example, claim 1 of the '259 patent provides:

> 1. A system for supporting communication between processing systems and non-standard I/O (input/output) devices over an open network comprising:
>
> a server that processes extended open network statements, said server being communicatively coupled to an open network;
>
> a first non-standard I/O device communicatively coupled to said open network; and

4

>a client program executing within said first non-standard I/O device for processing extended open network statements so that said first non-standard I/O device may communicate with said server.

Exhibit A, '259 patent, col. 19, ln 65 to col. 20, ln 10.

24. For all intents and purposes, claim 1 requires a "non-standard I/O device" coupled to an open network (such as a home network) and a "client program" on the device which can process extended open network statements.

25. For illustrative purposes alone, infringement can be shown by the following:

26. The Kindle Fire devices are non-standard I/O devices.

27. The Amazon Fire TV is a non-standard I/O device.

28. The Kindle Fire devices communicate with at least one Amazon server (e.g., Amazon Web Services).

29. The Amazon Fire TV communicates with at least one Amazon server (e.g., Amazon Web Services).

30. Amazon servers, the Kindle Fire devices, and/or the Amazon Fire TV processes extended open network statements.

31. Amazon servers communicate with at least one open network.

32. The Kindle Fire devices communicate with at least one open (e.g., home) network.

33. The Amazon Fire TV communicates with at least one open (e.g., home) network.

34. The Kindle Fire devices run at least one client program which processes extended open network statements.

35. The Amazon Fire TV runs at least one client program which processes extended open network statements.

36. Through at least one client program, the Kindle Fire devices communicate with at least one Amazon server.

37. Through at least one client program, the Amazon Fire TV communicates with at least one Amazon server.

38. Given the above, the Kindle Fire devices and the Amazon Fire TV fall within the scope of at least claim 1 of the '259 patent.

39. The '476 patent similarly discloses a system that permits non-standard, (i.e. non-desktop/laptop computers) devices to communicate over an open network.

40. For example, claim 14 of the '476 patent provides:

> 14. A method for processing extended open network protocol statements so a non-standard I/O device may communicate with a processing system over an open network comprising:
>
> receiving extended open network protocol statements over an open network;
>
> and processing said received extended open network protocol statements to control an operation associated with a non-standard I/O device.

41. For all intents and purposes, claim 14 requires the receipt and processing of open network protocol statements so that a "non-standard I/O device" can communicate with a processing system over an open network.

42. For illustrative purposes the analysis above shows why the Kindle Fire devices and Amazon Fire TV fall within the scope of claim 14 of the '476 patent.

43. Upon information and belief, Amazon had knowledge of the patents-in-suit no later than on or about May 1, 2014, by virtue of a letter sent by ONS counsel to Amazon.com.

## COUNT I

## AMAZON'S PATENT INFRINGEMENT
## UNDER 35 U.S.C. § 271 OF THE '259 PATENT

44. ONS incorporates by reference the allegations of paragraphs 1–43.

45. The '259 patent was duly and legally issued by the United States Patent and Trademark Office on June 1, 2004, after full and fair examination. A reexamination certificate issued on February 18, 2014.

46. Plaintiff is the assignee of all rights, title, and interest in and to the '259 patent and possesses all rights of recovery under the '259 patent.

47. Amazon has directly infringed the '259 patent at a minimum by making, using, offering to sell, and selling within the United States products and services that practice the inventions of the '259 patent, namely non-standard products that access content over the Internet, and these products/services have no substantial non-infringing uses.

48. Amazon has contributorily infringed the '259 patent and induced infringement of the '259 patent after the filing of the complaint.

49. Amazon was aware of the '259 patent at a minimum on or about May 1, 2014.

50. Despite knowledge of the patent and its infringement, Amazon continues to manufacture, make, offer for sale, and sell goods that violate the patent.

51. In addition and upon belief, Amazon encourages its customers to operate the products in an infringing manner.

52. Amazon has caused and will continue to cause ONS damage by virtue of its continuing infringement.

53. ONS is entitled to recover from Amazon the damages sustained by ONS as a result of Amazon's acts in an amount subject to proof at trial.

54. Upon information and belief and after an opportunity for further discovery, Amazon's infringement of the '259 patent is willful and deliberate at a minimum starting from on or about May 1, 2014.

## COUNT II

### AMAZON'S PATENT INFRINGEMENT UNDER 35 U.S.C. § 271 OF THE '476 PATENT

55. ONS incorporates by reference the allegations of paragraphs 1–54.

56. The '476 patent was duly and legally issued by the United States Patent and Trademark Office on June 14, 2005 after full and fair examination. The '476 patent also survived reexamination proceedings from the United States Patent Office which ended in April 2014.

57. Plaintiff is the assignee of all rights, title, and interest in and to the '476 patent and possesses all rights of recovery under the '476 patent.

58. Amazon has directly infringed the '476 patent at a minimum by making, using, offering to sell, and selling within the United States products and services that practice the inventions of the '259 patent, namely non-standard products that access content over the Internet, and these products/services have no substantial non-infringing uses.

59. Amazon has contributorily infringed the '476 patent and induced infringement of the '476 patent after the filing of the complaint.

60. Amazon was aware of the '476 patent at a minimum from on or about May 1, 2014.

61. Despite knowledge of the patent and its infringement Amazon continues to manufacture, make, offer for sale, and sell goods that violate the patent.

62. In addition and upon belief, Amazon encourages its customers to operate the products in an infringing manner.

63. Amazon has caused and will continue to cause ONS damage by virtue of its continuing infringement.

64. ONS is entitled to recover from Amazon the damages sustained by ONS as a result of Amazon's acts in an amount subject to proof at trial.

65. Upon information and belief and after an opportunity for further discovery, Amazon's infringement of the '476 patent is willful and deliberate at a minimum starting from on or about May 1, 2014.

**PRAYER FOR RELIEF**

WHEREFORE, Open Network Solutions, Inc. respectfully requests that the Court enter a judgment as follows:

A. A judgment that Amazon has directly infringed the '259 and '476 patents, contributorily infringed the '259 and '476 patents, induced infringement of the '259 and '476 patents, and willfully infringed the '259 and '476 patents;

B. A judgment and order requiring Amazon to pay Plaintiff damages under 35 U.S.C. § 284, including supplemental damages for any continuing post-verdict infringement up until entry of the final judgment, with an accounting, as needed, and treble damages for willful infringement as provided by 35 U.S.C. § 284;

C. A judgment and order requiring Amazon to pay Plaintiff pre-judgment and post-judgment interest on the damages awarded;

D. A judgment and order requiring Amazon to pay Plaintiff the costs of this action (including all disbursements) and attorney's fees as provided by 35 U.S.C. § 285; and

  E.  Such other and further relief as the Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that all issues be determined by jury.

Dated: May 16, 2014

| | |
|---|---|
| | /s/ David W. deBruin |
| *Of Counsel:* | David W. deBruin (#4846) |
| | THE DEBRUIN FIRM LLC |
| Paul A. Lesko (*admission forthcoming*) | 405 N. King Street I Suite 440 |
| Sarah S. Burns (*admission forthcoming*) | Wilmington, DE 19801 |
| SIMMONS BROWDER GIANARIS | (302) 660-2744 |
|  ANGELIDES & BARNERD LLC | ddebruin@thedebruinfirm.com |
| One Court Street | |
| Alton, IL 62002 | *Attorneys for Plaintiff* |
| (618) 259-2222 | |
| plesko@simmonsfirm.com | |
| sburns@simmonsfirm.com | |